John D. Hershberger, Esq. (SBN 112684)
Sunjina K. Ahuja, Esq. (SBN 226130)
Christopher Beal, Esq. (SBN 216579)
**DILLON GERARDI HERSHBERGER MILLER & AHUJA, LLP**
5872 Owens Avenue, Suite 200
Carlsbad, California  92008
Telephone:  (858) 587-1800
Facsimile:  (858) 587-2587
Email:  john.hershberger@dghmalaw.com
Email:  sahuja@dghmalaw.com
Email:  cbeal@dghmalaw.com

Attorneys for Plaintiff,
XIFIN, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIFIN, INC.,<br><br>          Plaintiff,<br>     v.<br><br>CQUENTIA LABS,<br><br>          Defendants. | Case No.:  '16CV2052 W  KSC<br><br>**COMPLAINT FOR BREACH OF WRITTEN CONTRACT (RPM CONTRACT)**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff, XIFIN, Inc. ("Plaintiff"), alleges as follows:

## NATURE OF ACTION

1. In this action, Plaintiff seeks damages for breach of two separate written contracts entered into between Plaintiff and defendant CQuentia Labs ("Defendant").

## JURISDICTION

2. This court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

3. This court has personal jurisdiction over Defendant, because Defendant engaged in business in San Diego, California by, among other actions, entering into in San Diego, California the contracts that are the subject of this lawsuit, and by engaging in extensive, systematic contact with Plaintiff in San Diego, California in connection with the performance of these contracts.

## VENUE

4. This Court is the proper venue for this case because the contracts that are the subject of this action provide: "The parties agree that all actions or proceedings arising in connection with this Agreement shall be tried and litigated exclusively in the federal or state courts located in the County of San Diego, California." In addition, a substantial part of the transactions and occurrences at issue in this case occurred in this District so as to satisfy the requirements of 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff is a corporation incorporated under the laws of the State of California with its principal place of business in San Diego, California.

6. On information and belief, Defendant is a corporation organized under the laws of the State of Wyoming. Defendant's principal place of business is in Germantown, Tennessee.

///
///

## BACKGROUND ALLEGATIONS

7. Plaintiff is a San Diego healthcare information technology company that provides its clients (who are healthcare diagnostic service providers of all types) with cloud-based billing services. To provide these services, Plaintiff has developed a proprietary internet-based accounts receivable and billing management system. Plaintiff markets this comprehensive, highly automated billing management system as its Revenue Performance Management system ("RPM"). It is offered to clients pursuant to written service agreements—i.e., **RPM contracts**. Pursuant to these RPM contracts, Plaintiff processes more than 200 million claims per year for its various clients in the healthcare industry.

8. Defendant operates a clinical medical testing laboratory in Germantown, Tennessee. On July 2, 2014, respectively, Defendant entered into an RPM contract with Plaintiff.

## FIRST CLAIM FOR RELIEF

**[Breach of Systems and Services Agreement—the RPM Contract]**

9. Plaintiff re-alleges paragraphs 1 through 8 of this Complaint.

10. On July 2, 2014, Plaintiff and Defendant executed a written RPM contract—the Services Agreement (the "XIFIN/CQuentia RPM Contract"), providing for cloud-based laboratory diagnostic billing services by Plaintiff to Defendant.

11. The material terms of the XIFIN/ CQuentia RPM Contract are as follows:
    a. Plaintiff is to arrange for the implementation of the RPM system by preparing and configuring Plaintiff's cloud-based system for use by Defendant. (XIFIN/CQuentia RPM Contract, §2.1.1.)
    b. After implementation, Plaintiff is to facilitate the use of the cloud-based RPM system. (XIFIN/CQuentia RPM Contract, §2.1.2.)
    c. Defendant is to remit payment to Plaintiff pursuant to Schedule 1-Fees & Payments. (XIFIN/CQuentia RPM Contract, § 3.1.) This pricing schedule is confidential and proprietary.

    d.    The term of the XIFIN/CQuentia RPM Contract is for a period of 36 months, unless terminated earlier for cause. (XIFIN/CQuentia RPM Contract, §9.1.)

    e.    Either party is allowed to terminate the XIFIN/CQuentia RPM Contract for cause, in the event of a material breach of the agreement, 60 days after the expiration of written notice of such breach. (XIFIN/CQuentia RPM Contract, § 9.3.)

    f.    If Plaintiff terminates the XIFIN/CQuentia RPM Contract as the result of an uncured material breach by Defendant, Defendant is to pay Plaintiff the Minimum Service Fee as set forth in Schedule 1- Fees & Payments. (XIFIN/CQuentia RPM Contract, § 9.5.)

    g.    Defendant agrees to pay Plaintiff a 1.5% late fee on all past due balances. (XIFIN/CQuentia RPM Contract, § 3.4.)

    h.    The expiration or earlier termination of the XIFIN/CQuentia RPM Contract does not relieve Plaintiff or Defendant of the obligations that accrued prior to the expiration or termination. (XIFIN/CQuentia RPM Contract, § 9.6.)

    i.    The XIFIN/CQuentia RPM Contract is to be construed in accordance with the laws of the State of California (without giving effect to the conflict of law principles of California), and all actions or proceedings arising in connection with the XIFIN CQuentia RPM Contract are to be tried and litigated exclusively in the federal or state courts located in the County of San Diego, California. (XIFIN/CQuentia RPM, § 10.5.)

12. Plaintiff has performed all material terms of the XIFIN/CQuentia RPM Contract, except to the extent its performance was excused by Defendant's prior non-performance of material terms thereof.

13. Defendant has materially breached the terms of the XIFIN/CQuentia RPM Contract by failing to pay all amounts due per the terms of XIFIN/CQuentia RPM Contract.

14. On June 15, 2016, Plaintiff notified Defendant in a writing received by Defendant that Defendants materially breached the XIFIN/CQuentia RPM Contract by failing to pay all amounts due as required per the terms of XIFIN/CQuentia RPM Contract. Defendant failed to cure such breach. On August 15, 2016, Plaintiff terminated the XIFIN/CQuentia RPM Contract and provided notice thereof to Defendant.

15. As a direct and proximate result of Defendant's breach of XIFIN/CQuentia RPM Contract, Plaintiff has suffered damages in the amount of $390,031.55. These damages include, the following amounts, as of July 31, 2016:

    a. Unpaid installation and monthly service fees of $256,261.61;

    b. Unpaid finance charges of $13,769.94; and

    c. Unpaid Minimum Service Fees of $120,000.

## **PRAYER**

**WHEREFORE, Plaintiff prays for judgment against Defendant as follows:**

### **FIRST CLAIM FOR RELIEF:**

1. For Damages in the amount of $390,031.55, as of July 31, 2016;

2. For pre-judgment interest;

3. For costs of suit incurred herein;

4. For such other and further legal or equitable relief as the Court deems just and proper.

Dated: August 15, 2016

**DILLON GERARDI HERSHBERGER MILLER & AHUJA, LLP**

By: */s/ John D. Hershberger*
John D. Hershberger, Esq.
Sunjina K. Ahuja, Esq.
Christopher Beal, Esq.
Attorneys for
XIFIN, INC.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 15, 2016

**DILLON GERARDI HERSHBERGER MILLER & AHUJA, LLP**

By: */s/ John D. Hershberger*
John D. Hershberger, Esq.
Sunjina K. Ahuja, Esq.
Christopher Beal, Esq.
Attorneys for
XIFIN, INC.